U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-04485

ORDER DENYING MOTION TO REDEEM PROPERTY

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/24/2008**



_____

US Bankruptcy Court Judge
District of South Carolina

Entered: 09/25/2008

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 08-04485-DD |
| Brandon Matthew Miller, | Chapter 7 |
| Debtor. | **ORDER DENYING MOTION TO REDEEM PROPERTY** |

      This matter is before the Court on Motions to Redeem Property ("Motions") filed by Brandon Matthew Miller ("Debtor") on July 31, 2008. A hearing was held on September 18, 2008. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334(a) and (b). Pursuant to Fed. R. Civ. P. 52 made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law[1]:

*FINDINGS OF FACT*

      1. On July 30, 2008, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

      2. Debtor's Schedule D, listing creditors holding secured claims, acknowledges a purchase money security interest in jewelry held by Kay Jewelers in the amount of $570.91. Debtor's Schedule D also lists a purchase money security interest held by Reeds Jewelers for $4,973.00.

      3. Debtor's Schedule B, listing personal property, reflects $5.00 in jewelry. The Debtor testified that the items of jewelry subject to the Motions belong to Debtor's non-filing spouse.

      4. Debtor's Motions seek a determination by the court that the jewelry obtained from Kay Jewelers has a value of $30.00 and that the jewelry from Reeds Jewelers has a value of $200.00.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

5. No objections were filed in response to Debtor's Motions. Because of the nature of the property to be redeemed and the discrepancy between the value asserted for the jewelry and the amount owed each creditor a hearing was held on September 18, 2008.

6. At the hearing Debtor testified that the jewelry belonged to his wife and consisted of a wedding band, purchased from Kay Jewelers, and an engagement ring purchased from Reeds Jewelers.

7. Debtor testified that he believed he paid more than the true value of the rings at the time of purchase, that the rings had been damaged by his wife, and that he had no basis for his valuation of the rings but that the values represented his opinion. Debtor further testified that he had not consulted a jeweler, had not made an effort to price similar used jewelry, and had no other basis for his valuation.

*CONCLUSIONS OF LAW*

Debtors may redeem exempt or abandoned personal property used for personal, family, or household purposes by paying the allowed secured claim pursuant to 11 U.S.C. § 722[2]. A proof of claim is deemed allowed upon filing, unless an objection is filed by a party in interest. 11 U.S.C. § 502(a). Often proofs of claim are not filed in "no asset" chapter 7 cases. *See* Fed. R. Bankr. P. 2002(e) and 3002(c)(5). Since, in the absence of a filed proof of claim, there is no "amount of the allowed secured claim" to be paid and because liens otherwise survive a bankruptcy discharge, debtors sometimes file motions to redeem in an effort to retain personalty that is subject to a lien in return for payment of the value of the collateral.

In this district motions to redeem are made following a passive or negative notice procedure. *See* SC LBR 9014-2. Parties are given notice of the motion and a hearing date. The hearing is convened only if a timely objection to the motion is filed. Otherwise the Court will generally grant the relief requested in the motion without evidence or a hearing.

---

[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et al*, will be by section number only.

2

SCLBR 9014-2(f). This does not, however, require entry of an order by the Court. The Court is not a rubber stamp for the unsupported contentions of one party and the inaction of others.[3]

In such cases, debtors must provide some evidence as to the true value of property to be redeemed. *See In re Ephraim*, 249 B.R. 862 (Bankr. E.D. Mich. 2000) (Declining to enter a proposed consent order for redemption without evidence of value). Courts have broad discretion to deny approval of a motion for redemption even when the parties agree on redemption price. *Id.* at 863, *citing*, *In re White*, 231 B.R. 551, 555 (Bankr. D. Vt. 1999). "Generally, § 506(a)(2) provides that valuation of an individual Chapter 7 or Chapter 13 debtor's personal property requires the use of the personal property's replacement value at the petition date." *In re Brown*, C/A No. 06-00197, 2006 Bankr. LEXIS 713 (Bankr. D.S.C. 2006).

In this case, the only evidence offered for the value of the property to be redeemed was Debtor's testimony and counsel's contention that the court should sign the order because of the lack of opposition. The testimony provided was baseless and lacked the credibility necessary to determine the replacement value for redemption purposes. For these reasons the Debtor's Motions are DENIED without prejudice.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
September 24, 2008

---

[3] It comes as no surprise that a business entity, faced with the need to retain and appear by counsel, might choose not to respond unless the stake is sufficiently high. *See* SC LBR 9010-1(b)(3).